## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MICHAEL L. GAINES,

   Petitioner,

   v.            **Case No. 17-3001-JAR**

JAMES HEIMGARTNER, et al.,

   Respondents.

## MEMORANDUM AND ORDER

   This matter is before the Court on Petitioner Michael Gaines' Petition under 28 U.S.C. §

2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Petitioner, who is

proceeding *pro se*, seeks relief claiming ineffective assistance of trial and appellate counsel, and

illegal sentence. Respondents James Heimgartner, the Warden of El Dorado Correctional

Facility, and Kansas Attorney General Derek Schmidt (collectively "the State") filed their

Answer and Return.[1] The motion is fully briefed, and the Court is prepared to rule. After a

careful review of the record and the arguments presented, the Court denies Petitioner's motion

without need for an evidentiary hearing.

**I.  Legal Standard**

   The Court reviews Petitioner's challenge to state court proceedings pursuant to the

Antiterrorism and Effective Death Penalty Act ("AEDPA").[2] AEDPA requires that federal

courts give "significant deference to state court decisions" adjudicated on the merits.[3] Under 28

U.S.C. § 2254(d), a federal court may not grant habeas relief on any claim adjudicated in state

---

[1]Doc. 9.

[2]*Lockett v. Trammel*, 711 F.3d 1218, 1230 (10th Cir. 2013).

[3]*See id.*

court, unless the petitioner establishes the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[4]

A state court's decision is "contrary to" an established federal law if the state court reaches a different result than the Supreme Court has "done on a set of materially indistinguishable facts" or "if the state court applies a rule different from the governing law" set forth in Supreme Court cases.[5] A decision is an "unreasonable application" of clearly established federal law if a "state court correctly identifies the governing legal principle from [the Supreme Court's] decisions but unreasonably applies it to the facts of [a petitioner's] case."[6] Additionally, "an unreasonable application may occur if [a] state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply."[7] Courts employ an objective standard in determining what is unreasonable.[8]

A federal court must presume the state court's factual findings, including credibility findings, are correct in the absence of clear and convincing evidence to the contrary.[9] The law "stops just 'short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.'"[10] Courts may not issue a writ of habeas corpus if "'fairminded

---

[4]*Williams v. Trammel*, 782 F.3d 1184, 1191 (10th Cir. 2015) (quoting 28 U.S.C. § 2254(d)(1)–(2)).

[5]*Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000)).

[6]*Id.* (citing *Williams*, 529 U.S. at 407–08).

[7]*House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008).

[8]*Bell*, 535 U.S. at 694 (2002) (citing *Williams*, 529 U.S. at 409–10).

[9]28 U.S.C. § 2254(e)(1).

[10]*Frost v. Pryor*, 749 F.3d 1212, 1223 (10th Cir. 2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

jurists could disagree' on the correctness of the state court's decision."[11]  Even when a petitioner has a strong case for relief, this "does not mean that the state court's contrary conclusion was unreasonable."[12]

Because Gaines proceeds *pro se*, the Court must construe his pleadings liberally and apply a less stringent standard than what is applicable to attorneys.[13]  However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[14]  The Court need only accept as true Plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[15]

## II.     Factual and Procedural Background

Absent clear and convincing evidence to the contrary, a federal habeas court must presume that the state courts' factual findings are correct.[16]  The facts underlying Petitioner's convictions for battery against two law enforcement officers, as determined by the Kansas Court of Appeals ("KCOA") on Petitioner's direct appeal, are as follows:

> At Gaine[s'] jury trial, uncontested evidence established that Sedgwick County Detention Facility deputies Robyn Diericks and Michael Eaglin were inside the county jail's medical clinic just prior to the incident that led to the charges against Gaines. Gaines and other inmates were in line waiting to have their blood glucose levels checked when Gaines started to argue with another inmate.
>
> There was conflicting evidence as to what took place next. The State presented testimony that upon hearing the argument, Eaglin stepped outside the clinic to see what was happening and saw that Gaines had his fist on top of the other inmate's forehead.

---

[11]*Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

[12]*Id.* at 102.

[13]*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[14]*Whitney*, 113 F.3d at 1773.

[15]*E.g., Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[16]28 U.S.C. § 2254(e)(1); *Saiz v. Ortiz*, 392 F.3d 1166, 1175 (10th Cir. 2004).

Eaglin approached Gaines and told him to turn around and "cuff up." Gaines did not comply, so Eaglin grabbed Gaines' arm, pushed him against the wall, and again told him to turn cuff up. Gaines broke free of Eaglin's grip and swung his arms at Eaglin in an attempt to hit him. Diericks came to Eaglin's assistance, but Gaines kept resisting so Diericks knocked him to the ground by taking his legs out from under him. Gaines continued to struggle with Eaglin and Diericks despite their commands to stop. During the struggle, Gaines said, "mother fucker, I'm going to kill you and your family when I[get] out of here." Deputy Leonel Verduzco came to assist Eaglin and Diericks, and the three deputies finally gained control of Gaines, put handcuffs on him, and stood him on his feet. Gaines then spit blood and saliva at Eaglin and Verduzco, hitting them in their faces.

At a jury trial, Gaines testified and presented witnesses who disputed the State's account of the incident. Gaines stated he was waiting outside of the medical clinic when another inmate approached him in an aggressive fashion. Gaines stuck out his arm to protect himself. Eaglin then came out of the medical clinic and launched an unprovoked attack on Gaines, pushing him into the wall and punching him in the back of the head. Gaines denied struggling with or spitting on the deputies.

At the close of the evidence, the district court instructed the jury on the elements of battery against a law enforcement officer, a felony. The court did not instruct on the lesser included offense of misdemeanor battery and Gaines did not request such an instruction. The jury acquitted Gaines of a criminal threat charge and found him guilty on two counts of battery against a law enforcement officer. The court later imposed the aggravated sentence provided for in the appropriate grid box of the [Kansas Sentencing Guidelines Act] for each count and ordered the sentences to run consecutively. That resulted in a total controlling sentence of 162 months in prison.[17]

The KCOA affirmed Gaines' conviction and sentence, and the Kansas Supreme Court denied review.[18] One of the issues rejected by the KCOA on direct appeal was Petitioner's claim that he was subjected to an illegal aggravated sentence based on facts not found by a jury.

---

[17]*Kansas v. Gaines*, No. 101,461, 2010 WL 3211672, at *1 (Kan. Ct. App. Aug. 6, 2010), *rev. denied* Oct. 20, 2010.

[18]*Id.* at *2–4.

On August 19, 2011, Petitioner filed a motion for post-conviction relief under K.S.A. § 60-1507. Petitioner's motion raised several ineffective assistance of counsel arguments, and again claimed that his sentence was illegal.[19] On March 8, 2012, the Sedgwick County District Court denied Petitioner's motion under K.S.A. § 60-1507 without an evidentiary hearing, finding that the motions, files, and records conclusively show that he is not entitled to relief.[20]

Petitioner appealed as to his ineffective assistance of counsel claims, including that: (1) his appellate counsel, Korey Kaul, was ineffective for failing to raise the issue of vindictive sentencing on direct appeal; and (2) his trial counsel, Casey Cotton, was ineffective when he failed to obtain a ruling in limine from the district court to exclude Gaines' medical history and racially offensive comments and further failed to object to the introduction of such evidence at trial. On August 20, 2013, the KCOA affirmed the district court.[21] It determined that appellate counsel's decision not to raise the issue of vindictive sentencing on appeal was not constitutionally ineffective because there were no grounds to appeal the presumptive sentence.[22] The court determined that trial counsel's failure to argue for exclusion of evidence of Petitioner's medical condition and offensive racial comments did not amount to ineffective assistance because he could not demonstrate prejudice by showing that the outcome of the trial would have been different but for counsel's allegedly deficient performance.[23] The Kansas Supreme Court granted review and affirmed.[24]

---

[19] Case 11-cv-2933, Pet'r's Mot. 9, 32, 40, 45, 48 (Aug. 19, 2011).

[20] Case 11-cv-2933, slip op. at 5 (Kan. Dist. Ct. Mar. 8, 2012).

[21] *Gaines v. Kansas*, No. 107, 993, 2013 WL 4729631 (Kan. Ct. App. Aug. 30, 2013).

[22] *Id.* at *4–6.

[23] *Id.* at *6–7.

[24] No. 107,993, 2015 WL 340286 (Kan. Jan. 16, 2015).

While the § 60-1507 proceeding was on appeal, Petitioner filed a Motion to Correct Sentence in his underlying criminal case in Sedgwick County District Court. He argued that the district court miscalculated his criminal history score under *Kansas v. Murdock*, where the Kansas Supreme Court considered how to determine whether certain pre-Kansas Sentencing Guidelines Act ("KSGA") convictions are person or nonperson crimes for criminal history scoring purposes.[25] The district court entered a Journal Entry of Hearing on Motion to Correct Illegal Sentence on November 3, 2014, finding that the *Murdock* decision did not apply to Petitioner's pre-1993 in-state felony, and thus Petitioner's criminal history score was correctly calculated and should not be altered.[26] Petitioner appealed, and the KCOA summarily affirmed the district court without an opinion.[27] On December 21, 2016, the Kansas Supreme Court denied review.[28]

Petitioner attempted to file a federal habeas petition after his original state habeas petition was denied, but before he had exhausted his appeal on the motion to correct sentence. Finding Petitioner's federal habeas petition contained an unexhausted claim, Judge Crow dismissed it without prejudice and directed him to file a new petition upon fully exhausting his state court remedies.[29] Petitioner timely filed this action on January 4, 2017, after the motion to correct sentence was exhausted. Liberally construing his petition as the Court must, Petitioner asserts three challenges to his state court proceedings: (1) his trial counsel was ineffective by failing to litigate a motion in limine or contemporaneously object with respect to evidence about

---

[25]323 P.3d 846 (Kan. 2014), *overruled by Kansas v. Keel*, 357 P.3d 251 (Kan. 2015), *cert. denied*, 136 S. Ct. 865 (2016).

[26]Case 07-CR-3091, Journal Entry at 1–2 (Kan. Dist. Ct. Nov. 3, 2014).

[27]Case 07-CR-3091, Mandate (Kan. Ct. App. Jan. 11, 2017).

[28]*See id.*

[29]Case No. 15-3053-SAC-DJW, slip op. at 3–4 (D. Kan. Mar. 15, 2016).

Petitioner's HIV-positive status, and about racially offensive comments he had made in the past; (2) his appellate counsel was ineffective by failing to argue that his sentence was vindictive on direct appeal; and (3) his sentence was illegal because it was aggravated on the basis of his conduct in court during the sentencing hearing, in violation of *Apprendi*.

## III. Discussion

### A. Ineffective Assistance of Counsel

The Court reviews Petitioner's ineffective assistance of counsel claim under the familiar test set forth in *Strickland v. Washington*, which requires Petitioner to show that (1) his counsel's performance fell below an objective standard of reasonableness; and (2) counsel's performance prejudiced his defense.[30] The Court's review under the first prong of this test is "highly deferential: 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'"[31] To be deficient, counsel's performance "must have been completely unreasonable, not merely wrong."[32] "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[33] Under the prejudice prong, Petitioner must demonstrate that "but for counsel's errors, there is a reasonable probability 'the result of the proceeding would have been different.'"[34] When reviewing an ineffective assistance claim under § 2254(d)(1), the Court applies a "doubly deferential" standard: it must determine whether the relevant state court decision was unreasonable in concluding that counsel's performance did not

---

[30] 466 U.S. 668, 687–88 (1984).

[31] *Hooks v. Workman*, 606 F.3d 715, 723 (10th Cir. 2010) (quoting *Strickland*, 466 U.S. at 690).

[32] *Id.* (quoting *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999)).

[33] *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009).

[34] *Id.* (quoting *Strickland*, 466 U.S. at 694).

meet the deferential *Strickland* test.[35]  For purposes of review under 28 U.S.C. § 2254, the

relevant state court decision as to Petitioner's ineffective assistance claims is the KCOA decision

denying state habeas relief under K.S.A. § 60-1507.

### 1.    Trial Counsel

Petitioner's first point of error is that trial counsel was ineffective for failing to challenge

admission of the State's evidence of his HIV-positive status, and of certain racially charged

comments he had made in the past.  He argues that the statements about his medical condition

violated his right to privacy and violated his right to a fair trial.  The KCOA assumed without

deciding that trial counsel was deficient by failing to secure an in limine ruling on these issues,

and by failing to object at trial.[36]  Nonetheless, the court determined that Petitioner failed to

establish prejudice because he could not show a reasonable probability that the result of the trial

would have been different.[37]

Under the applicable standard of review, this Court must determine whether Petitioner

has overcome the doubly deferential standard that applies here by establishing that the KCOA's

finding on the prejudice prong was unreasonable.  He has not.  The KCOA largely relied on the

fact that Petitioner was acquitted of the criminal threat count, which demonstrated that the jury

could not have placed undue emphasis on the allegedly prejudicial evidence Petitioner believes

should have been excluded.  Petitioner conclusorily asserts that the repeated references to his

HIV status caused him an unfair trial.  He argues that the criminal threat charge was a

"trump[ed]-up baseless charge," which is the only reason he was acquitted.  But to demonstrate

prejudice, Petitioner must show that the KCOA decision was unreasonable in determining that

---

[35]*Id.* at 123.

[36]*Gaines v. Kansas*, No. 107, 993, 2013 WL 4729631, at *6 (Kan. Ct. App. Aug. 30, 2013).

[37]*Id.* at *7.

there was not a reasonable probability that the outcome would have changed if counsel had challenged the evidence at issue. "Reasonable probability is more than mere speculation, and an applicant must show more than 'some conceivable effect on the outcome of the proceeding.'"[38] Petitioner's arguments are mere conjecture. According to the KCOA decision, there was a factual dispute about whether Petitioner struggled or spit on the deputies. The jury found beyond a reasonable doubt that Petitioner committed battery against the deputies, but did not find sufficient evidence to establish the State met the elements of the criminal threat charge. It was not unreasonable for the KCOA to rely on this acquittal in determining that the unchallenged evidence did not prejudice the jury.[39] Likewise, it was not unreasonable for the KCOA to rely on the well-established principle that the jury is presumed to follow the instructions given,[40] which included an instruction that it is not to consider the case with sympathy or prejudice for either party.

Accordingly, the KCOA's decision that trial counsel's failure to object to the admission of evidence of Petitioner's HIV status, or his racially offensive comments, did not violate Petitioner's right to effective assistance of counsel under the Sixth Amendment was not contrary to nor an unreasonable application of federal law.

## 2. Appellate Counsel

Next, Petitioner challenges the KCOA's determination that appellate counsel's failure to argue vindictive sentencing on direct appeal was not constitutionally ineffective. The KCOA

---

[38]*Hooks v. Workman*, 689 F.3d 1148, 1187 (10th Cir. 2012) (quoting *Turrentine v. Mullin*, 390 F.3d 1181, 1205 (10th Cir. 2004)).

[39]*See Kansas v. Holman*, 284 P.3d 251, 263 (Kan. 2012) (finding no real possibility that jury would have rendered a different verdict if a limiting instruction had been given along with prejudicial evidence where jury acquitted on some of the charges), *overruled on other grounds by Kansas v. Dunn*, 375 P.3d 332 (Kan. 2016).

[40]*See, e.g.*, *Kansas v. Mitchell*, 275 P.3d 905, 913 (Kan. 2012) ("we presume the jury follows the instructions given.").

determined that appellate counsel had no grounds to appeal the presumptive aggravated sentence provided for under the KSGA, and thus his performance did not fall below the applicable objective standard of reasonableness.  Petitioner's challenge is largely based on a letter sent to him by his appellate counsel before he filed the direct appeal, where counsel advised Petitioner that although "you may have a claim of vindictive sentencing by Judge Pilshaw[,] . . . I cannot raise this on your direct appeal.  She gave you a presumptive sentence and those are not appealable."[41]  The KCOA explained that while it is true that "an appellate court may disturb a criminal sentence that is within statutory limits upon a showing of . . . vindictiveness on the part of the sentencing court," there were "no facts alleged that, if true, would prove vindictiveness by the sentencing judge."[42]

This decision was not contrary to nor an unreasonable application of *Strickland*, or other federal law.  A Fourteenth Amendment Due Process claim may arise where there is "vindictiveness against a defendant for having successfully attacked his first conviction" on resentencing.[43]  Challenges for vindictive sentencing arise in the context of resentencing after a remand for new trial or resentencing.[44]  Here, there was no increased sentence because Judge Pilshaw only announced her sentencing decision once, at the end of the sentencing hearing, after Defendant "made some rather lewd and vulgar comments" that necessitated his removal from the courtroom.[45]  Petitioner has provided this Court with no grounds upon which to find it was unreasonable for the KCOA not to extend the vindictive sentencing presumption to a case where

---

[41]Doc. 1-1; *see also Gaines*, 2013 WL 4729631, at *5.

[42]*Gaines*, 2013 WL 4729631, at *5–6.

[43]*North Carolina v. Pearce*, 395 U.S. 711, 725 (1969); *Macomber v. Hannigan*, 15 F.3d 155, 156–57 (10th Cir. 1994).

[44]*See, e.g.*, *Pearce*, 395 U.S. at 726 (involving a greater sentence imposed after a retrial following successful appeal); *Kansas v. Merrills*, 149 P.3d 869, (Kan. Ct. App. 2007) (considering increased sentence after sentence was vacated and case remanded for resentencing).

[45]Tr. Sentencing Hr'g at 25:18–25.

a single sentence was announced and imposed based on conduct that occurred during the sentencing hearing itself.

Moreover, in order to prove vindictiveness under Kansas law, which is consistent with federal law,[46] Petitioner must have been able to demonstrate actual vindictiveness because the presumption of vindictiveness does not apply here where there was no increased sentence announced upon resentencing.[47]  It is undisputed that Judge Pilshaw sentenced Petitioner within the presumptive sentencing range that applied to his battery convictions.  While it is true that she considered his outburst in the courtroom during the sentencing hearing when she imposed the aggravated presumptive sentence of 128 months on Count 1, and 34 months on Count 2, to run consecutively, the KCOA determination that "this reasoning was appropriate for the crime and within the district court's province" was not unreasonable.[48]  Judge Pilshaw presided over the jury trial where Petitioner was convicted of two counts of battery against a law enforcement officer and was therefore familiar with the evidence upon which Petitioner was convicted.  In sentencing Petitioner, Judge Pilshaw noted that he had "an obvious contempt for those in authority, for those who are in a position to discipline you."[49]  Given that Petitioner's disrespect for the court during sentencing was relevant to the crimes for which Petitioner was convicted, and given that Judge Pilshaw did not "increase" a previously imposed sentence based on Petitioner's courtroom conduct, it was not unreasonable for the KCOA to find that appellate

---

[46]*See Kansas v. Rinck*, 923 P.2d 67, 70–72 (Kan. 1996) (following *Pearce*, 395 U.S. at 726 and *Wasman v. United States*, 468 U.S. 559 (1984)).

[47]*Gaines*, 2013 WL 4729631, at *5 (citing *Kansas v. Merrills*, 149 P.3d 869, (Kan. Ct. App. 2007)).

[48]It is undisputed that under the KSGA Petitioner was facing a possible standard sentence of 120 months, a mitigated sentence of 114 months,  or an aggravated sentence of 128 months on Count 1.  On Count 2, Petitioner was facing a possible standard sentence of 32 months, a mitigated sentence of 31 months,  or an aggravated sentence of 34 months.  *See* Kansas Sentencing Guidelines Presentence Investigation Report Face Sheet at 1 (July 14, 2008); Tr. Sentencing Hr'g at 7:8–11 (amending Face Sheet as to Count 1 based on criminal history not reflected therein).

[49]Tr. Sentencing Hr'g at 26:17–20.

counsel's failure to raise this issue on direct appeal did not fall below an objectively reasonable standard under the first prong of *Strickland* because Judge Pilshaw's sentence was well within her discretion under the KSGA for the crimes of conviction.

### B.      Illegal Sentence

Finally, Petitioner asserts "illegal sentence" as a ground for relief. Petitioner fails to provide an explanation of or any factual basis for this claim,[50] but when read in conjunction with his prior habeas petition filed on March 16, 2015, the Court construes this claim as a challenge to the district court's aggravated sentence under the KSGA without putting the aggravated factors before a jury, in violation of *Apprendi v. New Jersey*[51] and *Cunningham v. California*.[52] Those cases make clear that any fact that increases a sentence beyond the statutory maximum sentence must be found by a jury beyond a reasonable doubt.[53] In *Cunningham*, the Court found that the California sentencing scheme violated the Sixth Amendment because it authorized the sentencing judge to impose an aggravated sentence based on judicial fact finding on the relevant statutory factors.[54] The relevant state court decision that this Court reviews is the KCOA's decision on direct appeal,[55] which found that the Kansas Supreme Court's decision in *Kansas v. Johnson*[56] foreclosed this argument. Petitioner concedes that *Johnson* forecloses his argument, but wishes to preserve the issue for appeal.

---

[50]To the extent Petitioner challenges the Sedgwick County District Court's denial of his motion to correct sentence based on the *Murdock* case, which was summarily affirmed by the KCOA and Kansas Supreme Court, that decision dealt with a Kansas state-law challenge to his sentence. This Court does not review state-court determinations on questions of state law. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

[51]530 U.S. 466 (2000).

[52]549 U.S. 270 (2007).

[53]*Cunningham*, 549 U.S. at 281–82 (discussing *Apprendi*, 530 U.S. at 490).

[54]*Id.* at 293–94.

[55]*Kansas v. Gaines*, No. 101,461, 2010 WL 3211672, at *1 (Kan. Ct. App. Aug. 6, 2010), *rev. denied*, Oct. 20, 2010.

[56]190 P.3d 207, 225 (Kan. 2008).

As the Kansas Supreme Court explained in *Johnson*, which the KCOA followed in this case, the aggravated sentencing option under the KSGA that applied to Petitioner's sentence does not violate the Sixth and Fourteenth Amendments under the holdings of *Apprendi* and *Cunningham*, because the judge is not required to conduct fact finding in order to impose an aggravated sentence.[57]  Instead, K.S.A. § 21-4704(e)(1), which has since been repealed, provided the sentencing judge with discretion to sentence within the presumptive grid block, and the upper limit of the grid block is the "statutory maximum" for purposes of the *Apprendi* analysis.[58]  Here, the sentencing judge imposed the longest term possible within the applicable grid block of 128 months.  It was therefore not an unreasonable application of clearly established federal law for the KCOA to deny Petitioner's direct appeal on this basis.[59]

## IV.    Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases requires the federal district court reviewing a habeas petition to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under U.S.C. § 2253(c)(2), the court may issue a certificate of appealability "only if the applicant makes a substantial showing of the denial of a constitutional right."  A petitioner must demonstrate either that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" or that issues in the petition are "adequate to deserve encouragement to proceed further."[60]  Moreover, a movant does not need to demonstrate his appeal will succeed to be entitled to a Certificate of Appealability, but must "prove something more than the absence of frivolity or the existence of mere good faith."[61]

---

[57]*Id.* at 225.

[58]*Id.*

[59]*Accord Harms v. Cline*, 27 F. Supp. 3d 1173, 1183–84 (D. Kan. 2014).

[60]*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

[61]*United States v. Williams*, 410 F. App'x 97, 99 (10th Cir. 2010) (citation omitted).

For the same reasons explained above, the Court denies a certificate of appealability on the issues raised in Petitioner's habeas petition. He has failed to make a substantial showing that he was denied his constitutional right to effective counsel, or that he was sentenced in violation of the Sixth or Fourteenth Amendments.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Michael Gaines' Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **denied**.

**IT IS SO ORDERED.**

Dated: October 20, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE